IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAUDIE R. PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-00190-JB-C |
| | ) | |
| PRENTIZ SALTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Claudie R. Portis, proceeding without representation of counsel (*pro se*), filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). The action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

On May 29, 2026, the Court ordered Plaintiff to file the required filing fee for pursuing a § 1983 action or to file a motion to proceed without prepayment of the filing fee (and the Court provided Plaintiff with this form). (*See* Doc. 3). Plaintiff was given the deadline of July 1, 2026, to comply with the Court's order to pay the required filing fee or a motion to proceed without prepayment of fees. (*Id.*). The Court also cautioned Plaintiff that failure to comply with the Court's order would result in the dismissal of this action without prejudice for failure to prosecute and to follow the Court's order. (*Id.* at 1-2). The order was mailed to Plaintiff and, to date, has not been returned as undeliverable.

1

As of July 7, 2026, Plaintiff has not complied with the undersigned's order. He has not paid the filing fee to initiate this lawsuit and neither has he filed a motion to proceed without prepayment of fees. Indeed, Plaintiff has not communicated with the Court since he filed his complaint in May of 2026. And, based on an independent internet search of the Escambia County Sheriff's Office website, it appears that Plaintiff continues to be confined at the Escambia County Jail, where the Court's order was mailed.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 629-630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quotation marks and citation omitted)); a*ccord. Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure). To date, the Court has not received any filing or correspondence from Plaintiff, and the deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for

failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link,* 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not

specific.

   **DONE** this the **8th** day of **July, 2026**.

                                  **/s/ WILLIAM E. CASSADY**
                                  **UNITED STATES MAGISTRATE JUDGE**

4